UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO D. THOMPSON,

    Plaintiff,

v.                                          CASE NO. 6:11-cv-771-Orl-31KRS

DANIEL GUTIRREZ, et al.,

    Defendants.

## ORDER

This case is before the Court on the following motion:

    **MOTION:**     Plaintiff's Motion for Reconsideration (Doc. No. 10, filed June 13, 2011).

Thereon it is **ORDERED** that the motion is **DENIED**. Plaintiff requests the Court to reconsider the Order dismissing the case without prejudice for failure to file a response to the Court's Order to Show Cause why the action should not be dismissed as barred by the statute of limitations. In support of the motion, Plaintiff has filed a Response to the Order to Show Cause. In the Response, Plaintiff contends that the statute of limitations for his Fourth and Fourteenth Amendment claims are not barred by the four-year statute of limitation based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

Claims brought pursuant to § 1983 are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted); *Grace v. Wainwright*, 761 F. 1520, 1526 (M.D. Fla. 1991); *see also* § 95.11(3)(a), Fla. Stat. (stating that actions founded on

negligence shall be commenced within four years).[1] Plaintiff initiated the instant action on April 29, 2011,[2] and the incidents from which Plaintiff's claims arise occurred on March 7, 1997, or by no later than March 1998. *See* Doc. No. 1 at 6-7. Thus, the instant action was filed approximately thirteen years after the incidents occurred.

To the extent Plaintiff maintains that he is not barred based on *Heck*, his argument is without merit. In *Wallace v. Kato*, the Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Similarly, the statute of limitations began to run in this case when the telephone calls were intercepted in 1997 or when they were used during Plaintiff's criminal trial in 1998. Accordingly, Plaintiff has failed to demonstrate that the instant action is not barred by the statute of limitations. As such, Plaintiff's motion for reconsideration of the Court's Order of dismissal must be denied.

---

[1] Section 35.11(3)(o), Florida Statutes, also states that actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided, must be commenced within four years.

[2] A document is "filed" by a prisoner on the date the prisoner places the complaint in the mail or delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in *pro se* prisoner rights cases and Federal Torts Claims Act suits, the date of filing is the date of delivery to prison officials).

**DONE AND ORDERED** at Orlando, Florida, this 16th day of June, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 6/16
Ricardo D. Thompson